IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK TOBIAS | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv43 |
| WARDEN, USP BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Mark Tobias, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends the BOP has improperly calculated his sentence. Petitioner seeks credit towards his current sentence for time spent in custody prior to sentencing.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion to dismiss, or alternatively, motion for summary judgment filed by the respondent (doc. no. 4). As the respondent has presented information outside the pleadings, the filing will be considered as a Motion for Summary Judgment. See FED.R.CIV.P. 12(d).

Factual Allegations

Petitioner asserts the BOP has incorrectly calculated his sentence because it is running his sentences consecutively. In connection with sentencing him to 135 months of imprisonment, the court stated that sentence (the "Conviction Sentence") was to run concurrently to a sentence previously imposed because petitioner had violated the terms of his release on supervised release with respect to a prior conviction (the "Revocation Sentence"). Petitioner contends that instead of complying with the court's directive, the BOP is running the two sentences consecutively.

<u>The Motion for Summary Judgment</u>

Respondent contends Petitioner is not entitled to relief. Attached to the Motion for Summary Judgment is a Declaration from Tiffany Farmer, a management analyst at the BOP's Designation and Sentence Computation Center ("DSCC"). Ms. Farmer states, in part, as follows:

> On August 12, 2010, Petitioner was sentenced to a 60-month term of imprisonment for Conspiracy to Possess with Intent to Distribute Marijuana in the United States District Court for the Western District of Texas, Case No. 5:03-cr-252. Petitioner completed this sentence and was released from custody to supervised release on February 22, 2013.
>
> On September 22, 2013, Petitioner was arrested by the San Antonio, Texas, Police Department and transported to the Bexar County Detention Center, for Theft $50.00-$500.00. He released on bond on September 23, 2013. The charges were later dismissed after the case was placed in deferred adjudication and Petitioner successfully completed a six-month term of probation in Bexar County Court, Cause No. 438375.
>
> On August 10, 2015, Petitioner was again arrested and detained by the San Antonio Police Department and transported to the Bexar County Detention Center, for charges related to Possession with Intent to Distribute Controlled Substances and being a Felon in Possession of a Firearm. State charges were not filed from this arrest, as the USAO agreed to prosecute at the federal level.
>
> Based on the circumstances giving rise to Petitioner's August 10, 2015 arrest, an indictment was subsequently filed in the United States District Court for the Western District of Texas, Case No. 5:15-cr-584. Petitioner remained in custody under exclusive federal jurisdiction.
>
> Due to several violations of Petitioner's conditions of supervised release, a revocation petition was filed in Case No. 5:03-cr-252 on August 27, 2015. On March 16, 2017, the Court approved a stipulated order sentencing Petitioner to a revocation sentence of 12-months and 1-day, to run concurrently to his yet-to-be imposed sentence in Case No. 5:15-cr-584.
>
> On July 12, 2018, Petitioner was sentenced to a 135-month term of imprisonment in Case No. 5:15-cr-584. At the time of sentencing, the Court ordered this sentence to run concurrent to his sentence in Case No. 5:03-cr-252.
>
> Federal law provides that a "sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. 3585(a). BOP policy clarifies that a federal sentence cannot commence earlier than the date on which it is imposed.
>
> Pursuant to 18 U.S.C. 3585(b) and BOP Program Statement 5880.28, an inmate is generally not entitled to credit against a federal sentence for time spent in custody prior to his sentence commencement, if that time has already been credited against another sentence.

>Petitioner's revocation sentence in Case No. 5:03-cr-252 commenced on the day it was imposed, March 14, 2017. At this time, Petitioner had already been in custody for 584 days (September 22-23, 2013 and August 10, 2015-March 13, 2017), and none of this time had been credited towards another sentence. Thus, Petitioner had enough prior custody credit to satisfy his revocation sentence as of June 21, 2016, prior to its imposition. However, Petitioner remained in custody past March 14, 2017, as a United States Marshal's (USM) prisoner for pending charges in Case No. 5:15-cr-584.
>
>In accordance with 18 U.S.C. 3585(a) and BOP Program Statement 5880.28, Petitioner's federal sentence in Case No. 5:15-cr-584 could not begin to run any earlier than the date of its imposition on July 12, 2018. A sentence computation was completed for Case No. 5:15-cr-584, commencing Petitioner's 135-month sentence on this date.
>
>Consistent with 18 U.S.C. 3585(b) and BOP Program Statement 5880.28, Petitioner was given credit for time spent in custody that was not credited against another sentence (June 22, 2016 (the day he completed his sentence in Case No. 5:03-cr-252), through July 11, 2018 (the day before his current sentence was imposed)). Petitioner was not given credit against his sentence in Case No. 5:15-cr-584 for time spent in custody prior to June 22, 2016, as that time had already been credited towards his revocation sentence.
>
>Petitioner's sentence has been computed in accordance with the above-cited federal statutes and BOP Program Statements. Although Petitioner's sentence in Case No. 5:15-cr-584 had been ordered to run concurrently with his revocation sentence, a later-imposed sentence cannot run concurrently with a prior sentence that was already completed prior to the imposition of the later sentence. Further, ordering a sentence to run concurrently with another sentence does not allow for backdating a sentence to commence prior to its date of imposition, or otherwise ignoring the plain language of 18 U.S.C. 3585(b).

(doc. no. 4-1 at 3-5).

Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston*

*Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003). If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

<u>Analysis</u>

Petitioner has not been given credit toward his Conviction Sentence for the period beginning on August 10, 2015, the date of his arrest, and ending on June 21, 2016, the date he completed the Revocation Sentence. Title 18 U.S.C. § 3585(b) provides that a defendant shall be given credit towards his sentence for time spent in official detention before the date the sentence commences, so long as that time has not also been credited towards another sentence. Petitioner does not dispute that he received credit towards his Revocation Sentence for the time period described above. As a result, Section 3585 does not permit this period of time to also be credited towards the Conviction Sentence.

Petitioner correctly points out that when his Conviction Sentence was imposed, the court stated the sentence was to be served concurrently with the Revocation Sentence. However, a federal court does not have the authority to run a federal sentence absolutely concurrently with a prior sentence. *Gotay-Aviles v. Maye*, 472 F. App'x 273, 273. (5th Cir. 2010); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). Petitioner had completed the Revocation Sentence prior to the date on which the Conviction Sentence was imposed. As a result, the BOP has not erred because it failed to treat the Conviction Sentence as running absolutely concurrently with the Revocation Sentence.

### Conclusion

For the reasons set forth above, there is no genuine issue of material fact as to whether petitioner is entitled to relief and the respondent is entitled to judgment as a matter of law. The motion for summary judgment should therefore be granted.

### Recommendation

The respondent's motion for summary judgment should be granted.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

SIGNED this 5th day of September, 2023.

_____
Zack Hawthorn
United States Magistrate Judge